# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

TELLY BERNARDO JOHNSON,

              Petitioner,

v.

JASON BENZEL,

              Respondent.

Case No. 18-CV-529-JPS

**ORDER**

---

On April 4, 2018, Petitioner Telly Bernardo Johnson ("Petitioner" or "Johnson") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On June 11, 2018, Magistrate Judge David E. Jones granted Petitioner's motion to stay the case and later administratively closed the case while Petitioner exhausted his state court remedies. ECF Nos. 7, 8. On January 4, 2021, Petitioner filed a letter indicating he had exhausted his administrative remedies and wished to reopen the case. ECF No. 9. The case was then reassigned to this branch of the court. Thereafter, Petitioner filed two separate motions to reopen the case, ECF Nos. 11, 12. Due to administrative error, the Court neglected to reopen Petitioner's case. On March 25, 2024, Petitioner filed a motion to reassign the case. ECF No. 13. The Court will deny the motion to reassign because the failure to reopen the case was due to administrative error only and the case will proceed in a timely fashion going forward. The Court accordingly reopens the case and screens the petition under Rule 4 of the Rules Governing Section 2254 Proceedings.

1.  **FACTUAL BACKGROUND**

Johnson was charged with two counts of first-degree reckless homicide for two individuals, both of whom died as a result of heroin overdoses. *State v. Johnson*, 2020 WI App 19, ¶ 3 (Wis. Ct. App.). The State later amended the information to include several charges of delivery of a controlled substance. *Id.* A jury found Johnson guilty of both charges of first-degree reckless homicide, as well as two charges of delivery of a controlled substance; the State subsequently moved to dismiss one of those controlled substance convictions. *Id.* ¶ 4. Johnson was sentenced to a thirty-five-year sentence for the death of one individual, a twenty-five-year sentence in the death of the second individual, and a six-year sentence for the remaining conviction for delivery of a controlled substance. *Id.*

Following sentencing, Johnson appealed, and the Wisconsin Court of Appeals affirmed the conviction. *Id.* ¶ 5 *(citing State v. Johnson*, No. 2015AP1514-CR, unpublished slip op. ¶ 1 (WI App Sept. 22, 2016)). The Wisconsin Supreme Court denied his petition for review of the direct appeal. *Id.* Johnson then filed a post-conviction motion in April 2018, which the trial court denied without a hearing. *Id.* ¶ 6. Johnson appealed to the Wisconsin Court of Appeals, which affirmed the denial of his post-conviction motion. *Id.* The Wisconsin Court of Appeals concluded that Johnson failed to establish that his new claims were clearly stronger than the claims raised in the direct appeal, and therefore concluded that they were procedurally barred. *Id.* ¶ 2. The Wisconsin Supreme Court denied Johnson's petition for review on January 9, 2017. *State v. Johnson*, 2017 WI 20, 896 N.W.2d 361 (Table).

Now, Johnson seeks habeas relief on the following ten grounds: (1) the ineffective assistance of appellate counsel by failing to raise the

ineffectiveness of trial counsel for allowing the State to introduce significant hearsay evidence and significant evidence with no foundation, which violated the Confrontation Clause; (2) ineffective assistance of appellate counsel by failing to raise the ineffectiveness of trial counsel for failing to object/stipulating to the introduction of the toxicology and DNA reports in violation of the Confrontation Clause; (3) ineffective assistance of appellate counsel by failing to raise the ineffectiveness of trial counsel for failing to retain/consult with an expert to rebut the opinion testimony of the medical examiner; (4) ineffective assistance of appellate counsel by failing to raise the ineffectiveness of trial counsel for failing to properly object to the inadmissible cell tower evidence; (5) ineffective assistance of appellate counsel by failing to raise the ineffectiveness of trial counsel for improper stipulations and the failure to introduce evidence relative to his cellphone; (6) ineffective assistance of appellate counsel by failing to raise the ineffectiveness of trial counsel for the failure to properly object to the expert testimony of Nabil Alfahel, which was not to the required standard of proof; (7) ineffective assistance of appellate counsel by failing to raise the ineffectiveness of trial counsel for failure to investigate and present important defense evidence and failing to properly argue objection; (8) sufficiency of the evidence and/or whether this issue was adequately raised and addressed by appellate counsel; (9) does the first degree reckless homicide by the delivery of a controlled substance, pursuant to Wis. Stat. § 940.02(2)(a), have a foreseeability or criminal reckless element and/or was this issue adequately and properly raised by appellate counsel; and (10) were these two separate and distinct cases improperly joined by the State and, if so, did the court err in concluding that he was not unduly

prejudiced by the joinder or, alternatively, was this issue inadequately raised by appellate counsel. ECF No. 1 at 9–23.

**2. ANALYSIS**

Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

**2.1 Timeliness**

First, the Court considers the timeliness of the petition. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on a petitioner's habeas petition; it requires a petitioner to file his federal habeas petition within one year from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Subsection (2) of the same statute provides for tolling of the one-year period for properly filed state post-conviction motions. 28 U.S.C. § 2244(d)(2). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded, followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

Here, on the record before the Court, it does not plainly appear that the petition is untimely. Johnson's grounds for review stem from the alleged ineffectiveness of his appellate counsel on direct appeal. The Wisconsin Supreme Court denied Johnson's petition for certiorari in his direct appeal on January 9, 2017. *Johnson*, 896 N.W.2d 361 (Table). Johnson then filed his post-conviction motion regarding the ineffectiveness of appellate counsel in April 2018. *Johnson*, 2020 WI App ¶ 6. As such, the Court cannot plainly conclude that the petition is untimely.

### 2.2 Exhaustion

Next, the Court analyzes whether Johnson fully exhausted his state-court remedies. A district court may not address grounds raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly,

Page 5 of 10
Case 2:18-cv-00529-JPS   Filed 04/01/24   Page 5 of 10   Document 14

a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a petitioner is not required to present it to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Based on the Wisconsin Court of Appeals' March 17, 2020 order and his letter to the Court, it appears that Johnson has exhausted the grounds in his present petition.

### 2.3 Procedural Default

The Court next determines whether Johnson has procedurally defaulted on any of his exhausted grounds. Even though a constitutional claim in a federal habeas petition has been exhausted, a court is still barred from considering the ground if the petitioner has procedurally defaulted on the claim. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). Here, on the record before the Court, it does not plainly appear that Johnson has procedurally defaulted on his claims.

### 2.4 Frivolous Claims

The Court concludes its Rule 4 review by screening Johnson's petition for patently frivolous claims. *Ray*, 700 F.3d at 996 n.1. Without expressing any opinion as to the potential merit of Johnson's claims, it does not plainly appear that they are frivolous.

### 3. CONCLUSION

Johnson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 survives screening. The case will proceed as discussed below.

Accordingly,

**IT IS ORDERED** that Petitioner's motions to reopen the case, ECF Nos. 11, 12, be and the same are hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk of the Court shall administratively re-open this case;

**IT IS FURTHER ORDERED** that Petitioner's motion to reassign the case, ECF No. 13, be and the same is hereby **DENIED;** and

**IT IS FURTHER ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within thirty (30) days of entry of this Order, Respondent shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2. If Respondent files an answer, then the parties should abide by the following briefing schedule:

    a. Petitioner shall have sixty (60) days after the filing of Respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be

issued. Petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by Respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

  b. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of Petitioner's brief, or within one hundred twenty (120) days from the date of this Order if no brief is filed by Petitioner.

  c. Petitioner may then file a reply brief, if he wishes to do so, within thirty (30) days after Respondent has filed a response brief.

3. If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

  a. Petitioner shall have thirty (30) days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

  b. Respondent shall have fifteen (15) days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block;

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern

Page 8 of 10

Case 2:18-cv-00529-JPS Filed 04/01/24 Page 8 of 10 Document 14

District of Wisconsin, a copy of the petition and this Order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin Respondent through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within twenty-one (21) days from the date of the NEF whether the Department will not accept service of process on behalf of Respondent, the reason for not accepting service for Respondent, and the last known address of Respondent. The Department of Justice will provide the pleadings to a Respondent on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 1st day of April, 2024.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

---

Petitioners who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Petitioners who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Petitioner is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PETITIONER FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.