# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TELLY BERNARDO JOHNSON,

          Petitioner,

v.

MICHAEL MEISNER,[1]

          Respondent.

Case No. 18-CV-529-JPS

**ORDER**

1. **INTRODUCTION**

On April 4, 2018, Petitioner Telly Bernardo Johnson ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On June 11, 2018, Magistrate Judge David E. Jones granted Petitioner's motion to stay the case and later administratively closed the case while Petitioner exhausted his state court remedies. ECF Nos. 7, 8.

On April 1, 2024, the Court reopened the case, screened the petition, and allowed Petitioner to proceed. ECF No. 14. On May 24, 2024, Respondent filed a motion to dismiss the petition in its entirety. ECF No. 22. Following an extension, the motion to dismiss is now fully briefed and ready for disposition. ECF Nos. 23, 26, 28. For the reasons explained below, the Court will grant Respondent's motion to dismiss in part and deny it in

---

[1] The Court has substituted Michael Meisner as the proper Respondent as the current Warden of Fox Lake Correctional Institution. *See* Fed. R. Civ. P. 25(d); *see also* Rule 2(a), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS ("If the petitioner is currently in custody under a state court judgment, the petition must name as respondent the state officer who has custody.").

part. As further discussed below, the claims in Ground Eight and Ground Ten will proceed to the merits.

**2.     LEGAL STANDARD**

State criminal convictions are generally considered final. Review may be had in federal court only on limited grounds. To obtain habeas relief from a state conviction, 28 U.S.C. § 2254(d)(1) (as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA")) requires the petitioner to show that the state court's decision on the merits of his constitutional claim was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Brown v. Payton*, 544 U.S. 133, 141 (2005). The burden of proof rests with the petitioner. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Under § 2254(b)(1), federal habeas petitions involving state convictions require, as a preliminary matter, that a petitioner has exhausted the state remedies available to them. Further, where a claim was not previously brought for review in accordance with the proper state law rules, the claim will be barred from federal habeas review under the doctrine of procedural default. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). This is so unless a petitioner can excuse procedural default by proving either cause and prejudice or a fundamental miscarriage of justice. *Id.* at 748. The relevant decision for this Court to review regarding these matters is that of the last state court to rule on the merits of the petitioner's claim. *Charlton v. Davis*, 439 F.3d 369, 374 (7th Cir. 2006).

## 3. FACTUAL BACKGROUND

Petitioner was charged with two counts of first-degree reckless homicide for two individuals, both of whom died as a result of heroin overdoses. ECF No. 23-4 at 2. The State later amended the information to include several charges of delivery of a controlled substance. *Id.* at 2–3. A jury found Petitioner guilty of both charges of first-degree reckless homicide, as well as two charges of delivery of a controlled substance; the State subsequently moved to dismiss one of those controlled substance convictions. *Id.* at 3. Petitioner was sentenced to a thirty-five-year sentence for the death of one individual, a twenty-five-year sentence in the death of the second individual, and a six-year sentence for the remaining conviction for delivery of a controlled substance. *Id.*

Following sentencing, Petitioner filed a direct appeal, and the Wisconsin Court of Appeals affirmed the conviction. *Id. (*citing *State v. Johnson*, No. 2015AP1514-CR, unpublished slip op. ¶ 1 (WI App Sept. 22, 2016)). The Wisconsin Supreme Court denied his petition for review of the direct appeal. *Id.* Petitioner then filed a post-conviction motion in April 2018, which the trial court denied without a hearing. *Id.* at 4. Petitioner appealed to the Wisconsin Court of Appeals, which affirmed the denial of his post-conviction motion. *Id.* at 1. The Wisconsin Court of Appeals concluded that Johnson failed to establish that his new claims were clearly stronger than the claims raised in the direct appeal and therefore concluded that they were procedurally barred. *Id.* The Wisconsin Supreme Court denied Johnson's petition for review. While Petitioner's post-conviction motion was pending in the Wisconsin Court of Appeals, he filed a state petition for a writ of habeas corpus alleging that his appellate counsel was ineffective for failing to contest the sufficiency of the evidence and for

presenting an inadequate argument in support of severance. ECF No. 23-6 at 2. The court denied the petition *ex parte. Id.* at 1. The Wisconsin Supreme Court denied the petition for review. ECF No. 23-7.

**4.      ANALYSIS**

Petitioner seeks federal habeas relief on the following grounds, as articulated in the Rule 4 screening order: (1) the ineffective assistance of appellate counsel by failing to raise the ineffectiveness of trial counsel for allowing the State to introduce significant hearsay evidence and significant evidence with no foundation, which violated the Confrontation Clause; (2) ineffective assistance of appellate counsel by failing to raise the ineffectiveness of trial counsel for failing to object/stipulating to the introduction of the toxicology and DNA reports in violation of the Confrontation Clause; (3) ineffective assistance of appellate counsel by failing to raise the ineffectiveness of trial counsel for failing to retain/consult with an expert to rebut the opinion testimony of the medical examiner; (4) ineffective assistance of appellate counsel by failing to raise the ineffectiveness of trial counsel for failing to properly object to the inadmissible cell tower evidence; (5) ineffective assistance of appellate counsel by failing to raise the ineffectiveness of trial counsel for improper stipulations and the failure to introduce evidence relative to his cellphone; (6) ineffective assistance of appellate counsel by failing to raise the ineffectiveness of trial counsel for the failure to properly object to the expert testimony of Nabil Alfahel, which was not to the required standard of proof; (7) ineffective assistance of appellate counsel by failing to raise the ineffectiveness of trial counsel for failure to investigate and present important defense evidence and failing to properly argue objection; (8) sufficiency of the evidence and/or whether this issue was adequately

raised and addressed by appellate counsel; (9) does the first degree reckless homicide by the delivery of a controlled substance, pursuant to Wis. Stat. § 940.02(2)(a), have a foreseeability or criminal reckless element and/or was this issue adequately and properly raised by appellate counsel; and (10) were these two separate and distinct cases improperly joined by the State and, if so, did the court err in concluding that he was not unduly prejudiced by the joinder or, alternatively, was this issue inadequately raised by appellate counsel.[2] ECF No. 14 at 2-4.

Respondent moves to dismiss on the basis that Petitioner's grounds for relief are either not cognizable in habeas, exhausted, and/or procedurally defaulted and cannot overcome the high hurdle to excuse the default. ECF No. 23. As discussed in detail below, the Court will grant Respondent's motion to dismiss in part and will deny it in part.

### 4.1 Exhaustion and Procedural Default Standards

State prisoners seeking a federal writ of habeas corpus must exhaust available state remedies. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement provides the state an opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *Bolton v. Akpore*, 730 F.3d 685, 694 (7th Cir. 2013). To provide the state with the necessary opportunity, the prisoner must "fairly present" his claim in each appropriate state court, thereby alerting that court to the federal nature of the claim. *Id.* at 694–95. If the prisoner files a federal petition without exhausting his state-court remedies, and such remedies remain available to the prisoner, then the federal claim is deemed unexhausted, and the federal court will ordinarily

---

[2]Petitioner listed two Ground Nines. ECF No. 1 at 19–21. The Court has renumbered them to reflect the ten grounds for relief.

dismiss it without prejudice so that the prisoner can return to state court and exhaust the remaining remedies. *Id.* at 696.

Even when a federal constitutional claim has been exhausted through the state courts, a federal court is generally barred from reviewing claims that are procedurally defaulted. *Coleman*, 501 U.S. at 748. A ground is procedurally defaulted when state courts previously decided the issue on state grounds adequate to support the judgment independent of the federal question. *Id.* at 729–30, 750. "A state ground is independent 'when the court actually relied on the procedural bar as an independent basis for its disposition of the case.'" *Thompkins v. Pfister*, 698 F.3d 976, 986 (7th Cir. 2012) (quoting *Kaczmarek v. Rednour*, 627 F.3d 586, 592 (7th Cir. 2010)). A state law ground is "adequate" "when it is a firmly established and regularly followed state practice at the time it is applied." *Id.* When examining the adequacy of a state law procedural ground, federal review is limited to whether the procedural ground "is a firmly established and regularly followed state practice at the time it is applied, not whether the review by the state court was proper on the merits." *Lee v. Foster*, 750 F.3d 687, 694 (7th Cir. 2014).

This procedural default bar exists regardless of whether the grounds are substantive or procedural. *Coleman*, 501 U.S. at 729. Therefore, a state court's ruling that a petitioner is barred from challenging their conviction on the merits due to failure to comply with state procedural rules will serve as an adequate and independent state law procedural default bar in subsequent federal habeas proceedings. *Id.* "When a state court rejects a prisoner's challenge to his conviction on an independent and adequate state-law ground, 'principles of comity and federalism dictate against upending the state-court conviction' and the federal claim is deemed

procedurally defaulted." *Garcia v. Cromwell*, 28 F.4th 764, 771 (7th Cir. 2022) (quoting *Thomas v. Williams*, 822 F.3d 378, 384 (7th Cir. 2016)). Additionally, "[a] state court may reach the merits of a federal claim in an alternative holding; if it does so explicitly, then the independent and adequate state ground doctrine 'curtails reconsideration of the federal issue on federal habeas.'" *Moore v. Bryant*, 295 F.3d 771, 775 (7th Cir. 2002) (quoting *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989)).

The Supreme Court of Wisconsin has found that ineffectiveness of postconviction counsel may be a sufficient reason for failing to raise an available claim in an earlier motion or on direct appeal. *State v. Allen*, 328 Wis.2d 1, 786 N.W.2d 124 (2010). In *Allen*, the court emphasized that "a prisoner must provide specific, nonconclusory factual allegations explaining why his postconviction counsel was ineffective." *Id.* at 139–40. When a postconviction motion lacks such material facts, the trial court may deny the motion without an evidentiary hearing. *Id.* at 446. In *State v. Romero-Georgana*, 360 Wis.2d 522, 849 N.W.2d 668, 678 (2014), the court found that to adequately allege that ineffective assistance of postconviction counsel qualifies as a "sufficient reason" to excuse a procedural default, a prisoner must allege why the claims he now wants to raise are "clearly stronger than the claims actually raised." *Id.* at 683. Rather, a defendant must provide "sufficient material facts—*e.g.*, who, what, where, when, why, and how—that, if true, would entitle [the defendant] to the relief he seeks." *Id.* at 678. The *Allen* and *Romero-Georgana* pleading standards are adequate and independent state procedural rules. *Garcia*, 28 F.4th at 774–75; *Lee*, 750 F.3d at 693–94.

### 4.2 Grounds One Through Seven

The Court finds that Petitioner has procedurally defaulted the claims in Grounds One through Seven because the Wisconsin Court of Appeals decided them on an independent and adequate state-law ground. Grounds One through Seven raise seven different issues that appellate counsel was ineffective for failing to raise various issues of trial counsel's ineffectiveness in the direct appeal. The Wisconsin Court of Appeals addressed these seven issues in its March 17, 2020, decision affirming the denial of Petitioner's Wis. Stat. § 974.06 motion. ECF No. 23-4. Respondent argues that the state court decided each of these seven grounds under *Allen* and *Romero-Georgana.* ECF No. 23 at 11.

The Wisconsin Court of Appeals explicitly referenced and relied upon state procedural rules in disposing of Petitioner's seven claims. In its opinion, the court began by stating it "agree[d] that Johnson failed to establish that his new claims were clearly stronger, and therefore conclude[d] that they are procedurally barred." ECF No. 23-4 at 2. Citing *Allen,* the court acknowledged that an evidentiary hearing on the issue of ineffective assistance is required only if the defendant has alleged sufficient facts that, if true, would entitle him or her to relief. *Id.* at 5. The court then explained, citing *Romero-Georgana,* that for claims arguing appellate counsel was ineffective for failing to bring certain viable claims, the defendant had to show that the claims he wished to bring were clearly stronger than the claims appellate counsel actually brought. *Id.* at 6. The court identified that Petitioner offered no evaluation of why his new ineffective assistance claims were clearly stronger and found, citing *Allen,* that his "conclusory statement [was] not sufficient to warrant a *Machner* hearing." *Id.* at 7. The decision went on to discuss why none of the new claims of ineffective

assistance were clearly stronger than the claims his counsel brought. *Id.* at 7–9. The court concluded its analysis, again citing *Romero-Georgana,* and found that Petitioner's "new claims [were] plainly *not* clearly stronger than the claims raised his direct appeal" and were therefore "procedurally barred." *Id.* at 10 (emphasis in original). Thus, the *Allen* and *Romero-Georgana* pleading standards served as an independent and adequate state law ground for denying all of Petitioner's seven claims.

Petitioner appears to argue that his claims are not procedurally defaulted because the state court's conclusion that he adequately failed to plead the claims was wrong. *See* ECF No. 26 at 9. However, "'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'" *Rogers v. Wells*, 96 F.4th 1006, 1012 (7th Cir. 2024) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)); *see also Johnson v. Novak*, No. 20-C-232, 2020 WL 1531444, at *3 (E.D. Wis. Mar. 31, 2020) ("Yet our review of the adequacy of a state ground is limited to whether it is a firmly established and regularly followed state practice at the time it is applied, not whether the review by the state court was proper on the merits."). Therefore, a federal court may not challenge the state court's ruling on independent and adequate state law substantive grounds of insufficient pleading under the *Allen* test, *Escalona-Naranjo*, *Balliette*, and/or *Romero-Georgana*. *Garcia,* 28 F.4th at 767.

The Court therefore concludes that the state appellate court's procedural ruling that Petitioner's claims all failed to meet the *Allen* and *Romero-Georgana* pleading standard was its reason for affirming the trial court's denial of his claims. As such, the Court concludes that Petitioner's claims in Grounds One through Seven are procedurally defaulted. The Court will discuss whether the default can be excused below.

### 4.3 Ground Nine

Respondent argues that Ground Nine is either unexhausted or procedurally defaulted because Petitioner may no longer bring the claim in state courts. Petitioner's Ground Nine raises the issue of whether the "first degree reckless homicide by the delivery of a controlled substance, pursuant to Wis. Stat. § 940.02(2)(a), ha[s] a foreseeability or criminal reckless element and/or was this issue adequately and properly raised by appellate counsel." ECF No. 1 at 19.

To the extent Petitioner questions the state appellate court's interpretation of the Wisconsin statute to deny him a new trial, the Court agrees with Respondent that this aspect of Ground Nine is not cognizable on habeas review. *See Curtis v. Montgomery,* 552 F.3d 578, 582 (7th Cir. 2009) ("We may not review state-court interpretations of state law."). As the Supreme Court has noted, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle,* 502 U.S. at 67–68. Simply put, errors of state law are "beyond the power of a federal habeas court to address." *Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004).

Alternatively, Petitioner seeks to turn this claim into a cognizable federal habeas issue by posing it as whether appellate counsel adequately and properly raised the issue. As Respondent points out, however, Petitioner never raised the issue that appellate counsel was ineffective for failing to challenge the constitutionality of Wis. Stat. § 940.02(2)(a). Petitioner raised various claims regarding trial and appellate counsel's performance; however, Petitioner did not fairly present *this issue* of ineffective assistance to the state courts, and he has therefore not exhausted this claim. Ordinarily, a petition containing unexhausted grounds must be

dismissed or where a petition contains both exhausted and unexhausted grounds, the federal court alternatively has the discretion to stay the petition to allow the petitioner to argue their unexhausted claims to the state courts. *Rhines v. Weber*, 544 U.S. 269, 271-72 (2005). However, where the state would bar review of the merits of the claim due to non-compliance with the state's relevant procedural rules, the claim is also procedurally defaulted and thus barred in federal court. *Perruquet*, 390 F.3d at 514.

The Court finds that the ineffective assistance of counsel portion of Ground Nine is procedurally barred because it would be too late to obtain a merits review in state court. Any claims in subsequent Wis. Stat. § 974.06 motions would be barred by *Escalona-Naranjo* without a sufficient reason that the issue was not previously raised in a prior postconviction motion or appeal. *See Carr v. Wisconsin*, No. 21-CV-492-JDP, 2023 WL 2327970, at *5 (W.D. Wis. Mar. 2, 2023), *amended on denial of reconsideration*, No. 21-CV-492-JDP, 2023 WL 2755331 (W.D. Wis. Apr. 3, 2023) (finding claims to be procedurally defaulted where petitioner could not raise them in a collateral motion under Wis. Stat. § 974.06). As such, the Court will grant Respondent's motion to dismiss as to Ground Nine because it fails to state a cognizable federal habeas claim as to the portion challenging the interpretation of a state statute and, secondarily, because any claim as to ineffective assistance of appellate counsel for this claim is procedurally defaulted.

### 4.4 Grounds Eight and Ten

Respondent argues jointly that Grounds Eight and Ten must be dismissed because the state court rejected Petitioner's ineffective assistance of counsel claims relating to Grounds Eight and Ten on procedural

Page 11 of 18
Case 2:18-cv-00529-JPS   Filed 04/18/25   Page 11 of 18   Document 30

grounds. ECF No. 23 at 12–14. To begin, the Court must first address the fact that Respondent fails to acknowledge that Grounds Eight and Ten both contain two distinct theories of relief. As to Ground Eight, Petitioner raises a sufficiency of the evidence argument *and/or* whether this issue was adequately raised and addressed by appellate counsel. As to Ground Ten, Petitioner raises the issue of whether the two separate cases were improperly joined or, *alternatively*, was this issue inadequately raised by appellate counsel. ECF No. 14 at 3-4.[3] Essentially, Petitioner challenges the substance of the state court's rulings on these issues and separately challenges appellate counsel's effectiveness in raising these issues on appeal. For unclear reasons and unlike its argument for Ground Nine, Respondent moves to dismiss only the portion of Grounds Eight and Ten related to appellate counsel's effectiveness. As such, the Court cannot dismiss the portions of Grounds Eight and Ten that Respondent did not move to dismiss.

Second, as to the ineffectiveness of appellate counsel portions of Grounds Eight and Ten, the Court disagrees with Respondents that these claims are procedurally defaulted. Respondent argues that the claims are procedurally barred because the state appellate court "rejected Johnson's claims that form the basis of Grounds Eight and Ten without remanding the case to the circuit court for a *Machner* hearing." ECF No. 23 at 12. Respondent points to the state court's explanation that it retained authority to deny a *Knight* petition without a hearing if the allegations in the petition

---

[3] *See United States v. Lane*, 474 U.S. 438, 446 n.8 (1986) (explaining that joinder of offenses raises a constitutional concern only when prejudice results to a degree that it denies defendant's right to fair trial); *Morens v. Meisner*, 702 F. App'x 446, 449 (7th Cir. 2017).

were insufficient to warrant relief and confirming that the *Allen* pleading requirements applied. *Id.* at 13. Respondent argues the state court's *Strickland* discussion explained why Petitioner's claims failed on the record before it because Petitioner "failed to sufficiently plead either prong of the [*Strikland*] test" as to Ground Eight and "rejected as conclusory" Petitioner's claim as to Ground Ten. *Id.* As such, Respondent concludes that the state court's ruling was "manifestly an *Allen* [footnote omitted] ruling" because it concluded that Petitioner was not entitled to relief on these two claims without first remanding the matter for an evidentiary hearing. *Id.* (citing *Whyte,* 34 F.4th at 625).

The Court disagrees that the state court clearly and expressly relied on a state procedural rule to reach its decision as to the claims in Grounds Eight and Ten. To start, the state court's decision began its analysis by citing *Strikland*, the *federal* standard for assessing ineffective assistance of counsel claims. ECF No. 23-6 at 2) ("We assess claims of ineffective assistance of appellate counsel by applying the two-part test set forth in *Strickland*...."). The Court acknowledges that the state court's decision then cites the *Allen* standard and indicates that the motion could be "denied without a hearing if the movant does not allege sufficient material facts, if the allegations are merely conclusory, or if the record conclusively shows that the movant is not entitled to relief." *Id.* However, when concluding its analysis of the ineffective assistance claim in Ground Eight, the state court provided, "Johnson thus fails to satisfy either prong of the *Strickland* analysis, and his claim fails." ECF No. 23-6 at 7. Respondent does not so much as acknowledge this concluding sentence that seemingly relies entirely on substantive federal law.

Page 13 of 18
Case 2:18-cv-00529-JPS   Filed 04/18/25   Page 13 of 18   Document 30

Similarly, the state court's analysis of the ineffective assistance of counsel claim in Ground Ten is far from clear. The state court's discussion of this issue began by stating that the claim "is conclusory" and the court rejected the claim with no citation. *Id.* at 7. This conclusion sounds like a state law procedural basis for its decision. The decision then addressed whether Petitioner could show substantial prejudice from the failure to sever the two charges against him. *Id.* at 7–9. The court concluded this analysis by finding that Petitioner failed "to show that his appellate counsel was ineffective for failing to present these conclusory assertions as arguments…on direct appeal." *Id.* at 9. The court cited to *State v. Jacobson*, 842 N.W.2d 365, for the proposition that counsel is not ineffective for making a losing argument. *Id.* Again, although somewhat less clearly, the state court's conclusion seems to rest on the substantive federal law question of whether Petitioner could show appellate counsel was ineffective on this issue.

Given the lack of clarity in the state court's decision, the Court simply cannot find that the state court clearly and expressly relied on a state procedural rule in reaching its decision on the ineffective assistance of appellate counsel claims found in Grounds Eight and Ten. *See Sholar v. Stevens*, 731 F. Supp. 3d 1058, 1064 (E.D. Wis. 2024) ("When, as here, the state court may have implicitly relied on a state rule, but that reliance is interwoven with its analysis of the claims under federal law, the State cannot successfully invoke procedural default.") (citing *Coleman*, 501 U.S. at 735). As such, the Court finds that Petitioner has not procedurally defaulted the claims in Grounds Eight and Ten and these claims must proceed to a merits analysis. The Court accordingly will deny Respondent's motion to dismiss as to Grounds Eight and Ten.

Page 14 of 18
Case 2:18-cv-00529-JPS    Filed 04/18/25    Page 14 of 18    Document 30

### 4.5 Potential Excused Procedural Default

As discussed above, the Court finds that Petitioner has procedurally defaulted the claims in Grounds One through Seven and part of Ground Nine. As such, the Court must deny these claims unless the Petitioner can excuse the default. *See Garcia,* 28 F.4th at 767 ("[F]ederal review is barred unless [petitioner] can establish cause for and prejudice from his default."). When a claim is procedurally defaulted, a federal court will not re-open the issue in a writ of habeas corpus unless there is either a sufficient demonstration of cause to excuse the default and prejudice that occurred as a result, or a fundamental miscarriage of justice, demonstrated by a sufficient showing of actual innocence. *Dretke v. Haley*, 541 U.S. 386, 388 (2004). This is particularly true for claims previously decided in state courts on adequate and independent state law grounds because of federalism and finality in criminal justice proceedings concerns. *Id.* at 392–93.

The standard for demonstrating cause is a showing that an "external impediment prevented the petitioner from presenting his federal claim to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). For an actual innocence excuse to be successful, a petitioner must carry the burden of proving that "'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536–38 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). This rule seeks to resolve only those extraordinary cases in which a petitioner can demonstrate actual innocence that necessitates providing relief to severe injustice. *Id.* A petitioner's high burden, as a gateway to excusing procedural default, is to present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is

Page 15 of 18
Case 2:18-cv-00529-JPS    Filed 04/18/25    Page 15 of 18    Document 30

also satisfied that the trial was free of nonharmless constitutional error." *Schlup*, 513 U.S. at 316.

Here, Petitioner has not argued, much less demonstrated, that cause and prejudice exist to excuse his procedural default or that a failure to consider his defaulted claims would result in a miscarriage of justice. As such, the Court does not find that Petitioner meets the standard to overcome the procedural default of his claims. *See Lee*, 750 F.3d at 694 (citing *Franklin v. Gilmore*, 188 F.3d 877, 884–85 (7th Cir. 1999)) (refusing to consider cause and prejudice or miscarriage of justice exceptions when not argued by petitioner). Petitioner, representing himself, filed the § 974.06 postconviction motion underlying his collateral appeal for Grounds One through Seven. Pro se status is not cause to excuse procedural default. *Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003). Petitioner has not identified any external factor that impeded his ability to comply with Wisconsin's procedural rules; instead, Petitioner repeats his disagreement with the state court opinions. As such, the Court finds Petitioner has not met the high burden of proving the cause component of the exception to the procedural default rule; the Court therefore need not address the issue of prejudice.

Moreover, Petitioner presents no evidence of actual innocence. This case is not exceptional and does not meet the high hurdle for actual innocence. As such, actual innocence cannot serve to excuse the procedurally defaulted claims as detailed above. Petitioner presents no reason to excuse his procedural default, and the Court therefore grants Respondent's motion to dismiss as to Ground One through Seven and Ground Nine.

5.  **CONCLUSION**

For the reasons discussed above, the Court will grant in part and deny in part Respondent's motion to dismiss. The Court finds that Grounds One through Seven and Ground Nine are either not cognizable in habeas or are procedurally defaulted and not excused by either cause and prejudice or actual innocence. The Court does not, however, find that the claims in Ground Eight and Ten are procedurally defaulted and these claims will therefore proceed to the merits. Accordingly, the Court will grant Respondent's motion to dismiss in part and deny it in part. Finally, having already paid the filing fee, the Court will deny Petitioner's duplicative motion to proceed without prepayment of the filing fee, ECF No. 29, as moot.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for leave to proceed without prepayment of the filing fee, ECF No. 29, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Respondent's motion to dismiss, ECF No. 22, be and the same is hereby **GRANTED in part and DENIED in part** as described in this Order;

**IT IS FURTHER ORDERED** that Petitioner's claims in Grounds One through Seven and Ground Nine be and the same are hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the parties shall proceed in accordance with the following schedule for the remaining claims:

1.  Within thirty (30) days of entry of this Order, Respondent shall answer the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue;

2. Petitioner shall have sixty (60) days after the filing of Respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. Petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by Respondent in his answer, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

3. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of Petitioner's brief, or within one hundred twenty (120) days from the date of this Order if no brief is filed by Petitioner.

4. Petitioner may then file a reply brief, if he wishes to do so, within thirty (30) days after Respondent has filed a response brief.

Dated at Milwaukee, Wisconsin, this 18th day of April, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge